IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

S.M., by and through her next friend, Misty )
Scott, Misty Scott, X.G., by and through her )
next friend, Misty Scott, )
  )
    Plaintiffs, )
  )
v. )   Case No. 26-cv-542
  )
NORFOLK SOUTHERN RAILWAY )
COMPANY AND NORFOLK SOUTHERN )
CORP., )
  )
    Defendant. )

## NOTICE OF REMOVAL

Defendants Norfolk Southern Railway Company ("NSRC") and Norfolk Southern

Corporation ("NSC"), by and through their undersigned counsel, hereby provide notice pursuant

to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Circuit Court of

Madison County, Illinois, to the United States District Court for the Southern District of Illinois,

East St. Louis Division.  The grounds for removal are as follows:

1. Plaintiffs commenced this action by filing a Complaint against NSRC and NSC,

on April 2, 2026, in the Circuit Court of Madison County, Illinois, and the case was docketed at

26-LA-491.  *Exhibit A*.  NSRC and NSC were served on April 15, 2026.

2. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. §

1446(a) because this is the United States District Court embracing the state court where the State

Court Action is pending.  28 U.S.C. § 93(b).  In addition, jurisdiction is proper in the East St. Louis

Division because the case arose in Madison County.  Civil LR 40.1; Ex. A, Complaint.

3. In this action, Plaintiffs (Illinois citizens) named diverse corporations as the only

defendants:  NSRC (a citizen of Virginia and Georgia) and NSC (a citizen of Virginia and

201249125

Georgia).  Thus, removal of this case is appropriate because, as discussed in detail below, there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.

4.      Defendant has timely filed this Notice of Removal within 30 days of service pursuant to 28 U.S.C. § 1446.

5.      By filing this Notice of Removal, Defendants do not waive any defense that may be available to them and reserve all such defenses.  If any question arises as to the propriety of the removal to this Court, Defendants request the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

6.      As required by 28 U.S.C. § 1446, attached hereto as Exhibit A is a copy of all process, pleadings, and orders served on Defendant in this action.

7.      A completed Civil Cover Sheet is attached to this Notice of Removal.  There is no "related case" to this action.

8.      Defendants will promptly serve a copy of this Notice of Removal on counsel for Plaintiffs and will file a copy with the Circuit Court of the Madison County, as required by 28 U.S.C. § 1446(d).  A copy of the Notice to State Court Clerk filed with the Circuit Court of Madison County and served upon counsel for Plaintiffs will be promptly filed with this Court after the filing is accepted by the Circuit Clerk.

**II.**
***Basis for Removal***

**A.   Complete diversity of citizenship exists between Plaintiff and Defendant.**

9.      The Court has jurisdiction and removal is proper when the action is between "citizens of different states."  28 U.S.C. § 1332(a)(1).

10.     For purposes of diversity jurisdiction, a corporation is a citizen of every state where it is incorporated and every state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

11.     At the time this action was filed and at the time this Notice of Removal is filed, Plaintiffs were and are Illinois citizens. Ex. A, Complaint, at ¶¶ 2-4 (indicating Plaintiffs are domiciled in Granite City, Madison County, Illinois).

12.     At the time this action was filed and at the time this Notice of Removal is filed, NSRC and NSC were Virginia corporations with principal places of business in Atlanta, Georgia. Ex. B, Affidavit of Jeremy Ballard, and Ex. C, Affidavit of Joseph C. Wolfe; *see also* Certificates of Interest, to be filed contemporaneously with this Notice of Removal. Accordingly, NSRC and NSC are citizens of Virginia and Georgia for purposes of determining this Court's diversity jurisdiction. 28 U.S.C. § 1332(c).

13.     Therefore, there is complete diversity of citizenship between Plaintiffs and Defendants.

**B. The amount in controversy requirement is satisfied.**

14.     The amount in controversy requirement of 28 U.S.C. § 1332(a) is also satisfied.

15.     Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. *See also, Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006).

16.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17. Section 1446(c)(2) states that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that (A) the notice of removal may assert the amount in controversy if the initial pleading seeks ... (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2).

18. The Illinois Rules of Civil Procedure prohibit a plaintiff seeking damages for personal injuries from praying for specific relief. 735 ILCS 5/2-604.2(a) ("In a personal injury action, a party may not claim an amount of money unless necessary to comply with the circuit court rules about where a case is assigned. In a personal injury action, if a complaint is filed that contains an amount claimed and the claim is not necessary to comply with the circuit court rules about where a case is assigned, the complaint shall be dismissed without prejudice on the defendant's motion or on the court's own motion.").

19. Instead, the Illinois Supreme Court Rules state "[a]ny civil action seeking money damages shall have attached to the initial pleading the party's affidavit that the total of money damages sought does or does not exceed $50,000." Ill. Sup. Ct. R. 222(b).

20. In accordance with this Illinois practice, the Complaint prays for damages "in excess of $50,000.00, plus costs of this action".

21. In instances such as these where the state practice permits recovery of damages in excess of the amount demanded, rather than relying on the Complaint, section 1446(c)(2)(A) states "the notice of removal may assert the amount in controversy" and "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, *by the preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2) (emphasis added).

22.     The preponderance of the evidence in this matter shows that the amount in controversy exceeds $75,000.

23.     Alleged damages:  The Complaint alleges personal injuries to minor S.M. sustained after falling under moving railcars, in addition to emotional injuries to other Plaintiffs present at the scene.   In particular, the Complaint alleges the following:

- The sudden movement of the train caused S.M. to fall and, upon hitting the ground, have her legs run over by the railcar(s).
- Then and there, S.M. suffered severe and catastrophic physical and emotional injuries which will last her entire lisfe.
- After being run over by the locomotive and/or its railcars, S.M.'s legs were stuck in a switch on the rails.
- After S.M. was run over by the locomotive and/or its railcars, X.G. and/or C.R. called emergency professional and S.M.'s mother, Misty Scott.
- After being contacted, emergency professionals and Misty Scott…responded to the scene.
- While emergency professional and Misty Scott were attending to S.M. a second train began to approach S.M. whose legs were stuck in the rails
- Then and there…, Misty Scott, mother to S.M., suffered emotional distress, including but not limited to Post Traumatic Stress Disorder.
- The approaching train necessitated the amputation of both of S.M.'s legs above knee level.
- As a result of the accident, S.M. suffered tremendous pain and suffering and will continue to suffer the remainder of her life.
- As a result of the accident, S.M. had to undergo numerous medical operations which cumulatively exceed $50,000.00 in costs.
- As a result of the accident, S.M. will continue to need medical care in the future, an expense estimated to be in excess of $50,000.00 in costs.
- As a result of the accident, S.M. a child, will need progressively larger leg prosthetics, which will cost an amount exceeding $50,000.00 over her lifetime.
- At the time of the accident, S.M. was in the eighth grade.  She was an active junior high school cheerleader, basketball player, dancer, and track athlete. As a result of her injuries, she has been permanently deprived of the ability to participate in these and all physical activities.
- As a result of the accident. X.G., suffered emotional distress, including but not limited to Post Traumatic Stress Disorder, after watching her sister run over by a train.
- At all relevant points, X.G. was at risk of the moving locomotive and could see S.M. immobilized on the train tracks while being run over by the train.
- At all relevant points, X.G. could see S.M. immobilized on the train tracks while a second locomotive and its railcars advanced towards S.M. threatening S.M.'s life.

201249125

- 5 -

*Ex. A: Complaint*, at ¶¶ 41-56.

24.    In addition, Plaintiffs seek punitive damages "in excess of $100,000." *Ex. A: Complaint*, at Prayers in Counts VI, VIII and X.

25.    Without admitting liability or conceding that Plaintiffs are entitled to recover any damages from Defendants, the allegations in the Complaint establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

26.    Plaintiffs' allegations of injury are similar to others that have been found to satisfy the amount in controversy requirement.  For example, in *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 881 (5th Cir. 2000), the Fifth Circuit found that alleged damages in a slip and fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" satisfied the jurisdictional amount.  *See also Jones v. Hoosier Energy Rural Elec. Coop., Inc.*, No. 17-CV-03226, 2018 WL 4658772, at *2 (C.D. Ill. Sept. 28, 2018) ("given that the claim asserted … seeks damages for Decedent's pain, mental anguish, and emotional distress prior to his death, the Court finds that Plaintiff's claim against G.E. Betz involves more than $75,000."); *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 947-48 (N.D. Ill. 2005) (allegations of "hospitalization and medical treatment" as well as "great pain ... disability, disfigurement" and plaintiff's contention that he would be permanently hindered from working and "liable for large sums of money for the care and treatment of his injuries on an ongoing and permanent basis" met jurisdictional minimum); *Kancewick v. Howard*, 2008 WL 4542970, at *3 (N.D.Ill. Apr. 3, 2008) (concluding that the amount in controversy requirement was met based on the circumstances of the accident and the "severe and permanent" injuries plaintiff suffered, despite the prayer for judgment "not to exceed $50,000.00"); *Calvert v. Office Depot, Inc.*, No. 14-CV-6145, 2014 WL

201249125

7055460, at *2 (N.D. Ill. Dec. 11, 2014) ("Courts have held that when plaintiffs allege serious, permanent injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount …"); *Spears v. U.S. Steel Corp.*, 2009 WL 3756445, at *2-3 (S.D. Ill. Nov. 8, 2009) (denying motion to remand where plaintiff alleged total damages exceeding $50,000 and sought damages for past and future pain and suffering, medical expenses, lost wages, disability, and diminished earning capacity); *Sandage v. Cottrell, Inc.*, 2006 WL 2710647, at *3 (S.D. Ill. Sept. 20, 2006) (holding jurisdictional amount satisfied based on plaintiff's allegation, *inter alia*, "that he has suffered and will continue to suffer severe and permanent injuries").

27.    No stipulation on damages:  Plaintiffs did not stipulate in the Complaint that they will not seek, demand, or accept a recovery in excess of $75,000 to avoid diversity jurisdiction. As such, it is reasonable to infer that Plaintiffs seek damages in excess of the jurisdictional amount. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) (noting that plaintiff can avoid removal "simply by stipulating that he is not seeking and will neither demand nor accept any recovery in excess of $75,000 ... at the time suit is filed" and that an inference arises that plaintiff thinks the claim is worth more by not making such stipulation).  "Litigants who want to prevent removal *must* file a binding stipulation or affidavit with their complaints; once a defendant has removed the case ... later filings [are] irrelevant. ...  Thus, if the plaintiff does not stipulate to damages of $75,000 or less, the *inference* arises that he thinks his claim may be worth more." *Anderton v. Wal-Mart Stores, Inc.,* No. 12-CV-46-DRH, 2012 WL 3526788, at *4 (S.D. Ill. Aug. 15, 2012) (internal quotation marks omitted).  No such stipulation has been made in the current case. *See Ex. A*, Complaint.

Summary:  In light of the foregoing, by a preponderance of the evidence, it is clear that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

**C. Conclusion.**

Because there is complete diversity between Plaintiffs and Defendants and the allegations of the Complaint establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, diversity jurisdiction exists in this action.

WHEREFORE, Defendants Norfolk Southern Railway Company and Norfolk Southern Corporation respectfully request that the filing of this Notice of Removal shall effect the removal of this case to the United States District Court for the Southern District of Illinois, East St. Louis Division, and that this Court assume jurisdiction over this action in accordance with 28 U.S.C. §§ 1332, 1441, and 1446(b).  Should any issue arise as to the propriety of this removal, Defendants respectfully request the opportunity to provide briefing and oral argument on the same.

Dated:  April 24, 2026

Respectfully submitted,

THOMPSON COBURN LLP

By  s/ Erick E. VanDorn
    Erick E. VanDorn, #6256805
    Misty L. Edwards, #6301620
    Kenneth J. Giacobbe, #6326944
    1405 N. Green Mount Road Suite 300
    O'Fallon, IL 62269
    (618) 680-4200
    evandorn@thompsoncoburn.com

Attorney for Defendants Norfolk Southern Railway Company and Norfolk Southern Corporation

- 9 -

**<u>Certificate Of Service</u>**

I hereby certify that on April 24, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of records.

s/ Erick E. VanDorn